UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| MARITZA RODRIGUEZ, | |
|---|---|
| Plaintiff, | Civil Action No. |
| v. | 2:16-CV-09338-MCA-SCM |
| WALMART, et. al., | OPINION ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |
| Defendants. | [D.E. 26] |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Maritza Rodriguez's ("Ms. Rodriguez") second motion to amend the complaint.[1] Defendants Wal-Mart Realty Co., Wal-Mart Stores East, I, Pl., Wal-Mart Stores East, Inc., and Wal-Mart Stores, Inc., ("Wal-Mart") opposed the motion,[2] and Ms. Rodriguez filed a reply.[3] The Court has reviewed the parties' respective submissions and heard oral argument on December 19, 2017.[4] For the reasons set forth herein, Ms. Rodriguez's motion for leave to amend is **GRANTED**.

---

[1] (ECF Docket Entry ("D.E.") 26, Pl.'s Second Mot. to Amend and Remand). The Court reserves decision on the motion to remand and will conference the issue on January 31, 2018.

[2] (D.E. 30, Def.'s Opp'n).

[3] (D.E. 31, Pl.'s Reply).

[4] (D.E. 29, Scheduling Order).

## I. BACKGROUND AND PROCEDURAL HISTORY[5]

This action arises from allegations that Walmart negligently maintained the floor in one of its New Jersey store premises, which caused Ms. Rodriguez to slip and fall.[6] On December 16, 2016, Walmart filed a notice of removal based on diversity jurisdiction.[7] After Walmart answered the complaint, the Court conducted an initial conference with the parties and entered a scheduling order.[8] The scheduling order provided, among other things, that "the party seeking to amend or supplement [a pleading] shall request leave to file no later than [June 30, 2017]."[9]

On June 28, 2017, Ms. Rodriguez filed a motion for leave to amend her original complaint and remand this case back to state court,[10] and on July 24, 2017, Walmart filed its opposition.[11] The proposed amended complaint seeks to join a new defendant to this action, Willy Sarmiento ("Mr. Sarmiento"), whose presence would destroy diversity between the parties, as Ms. Rodriguez and Mr. Sarmiento are citizens of New Jersey.[12]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1-1, Compl., at ¶ 11; D.E. 16-1, Def.'s Decl.).

[7] (*See* D.E. 1, Notice of Removal). Ms. Rodriguez filed her complaint in the Superior Court of New Jersey, Hudson County, on or about November 9, 2016.

[8] (D.E. 8, Scheduling Order).

[9] (D.E. 8, Scheduling Order, at ¶ 12).

[10] (D.E. 12, Pl.'s First Mot. to Amend and Remand).

[11] (D.E. 16, Def.'s First Opp'n).

[12] (D.E. 13, Proposed Amended Compl.).

On September 8, 2017, the Court administratively terminated that motion, without prejudice, and allowed Ms. Rodriguez to refile her motion after the deposition of Mr. Sarmiento.[13] Ms. Rodriguez refiled her motion on October 19, 2017,[14] and Walmart filed its opposition on November 2, 2017.[15] On November 8, 2017, Ms. Rodriguez filed her reply, and on December 19, 2017, the Court heard oral argument.

Ms. Rodriguez argues that Mr. Sarmiento is a proper defendant and that she was not able to amend her complaint earlier because, despite multiple requests, Walmart would not identify or confirm the store manager at the time of the incident until June of 2017.[16] In response, Walmart argues that it identified Mr. Sarmiento in their Rule 26 disclosures and that Ms. Rodriguez's sole purpose in seeking to amend the complaint now is to destroy diversity.[17]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District has specified that magistrate judges may determine any non-dispositive pre-

---

[13] (D.E. 29, Order).

[14] (D.E. 26, Second Mot. to Amend and Remand).

[15] (D.E. 30, Def.'s Opp'n).

[16] (D.E. 26, Pl.'s Br., at 2).

[17] (D.E. 16, Def.'s Opp. at 3).

[18] 28 U.S.C. § 636(b)(1)(A).

3

trial motion.[19] Motions to amend are non-dispositive.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21]

### III. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."[22] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[23] While courts have broad discretion to decide motions to amend, Rule 15(a) mandates that Courts should grant amendments, "freely in the interests of justice."[24] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[25] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend.[26] Here, Walmart bears the burden of demonstrating that the proposed amendment is made in bad faith or is untimely.

Under our jurisprudence, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit

---

[19] L. Civ. R. 72.1(a)(1).

[20] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[24] *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citations omitted) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 15(a)(2).

[25] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (citations omitted).

[26] *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002).

4

joinder and remand the action to State Court."[27] Generally, motions to amend under Rule 15 are liberally granted.[28] However, "a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction."[29] Although the Third Circuit has not commented on an analytical method for 28 U.S.C. § 1447 (e), courts in this district have adopted the *Hensgens* factors to assess such motions to amend.[30] The four *Hensgens* factors to consider are: (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors.[31]

## IV. DISCUSSION & ANALYSIS

With those principles in mind, Ms. Rodriguez argues that Mr. Sarmiento is a proper defendant and contends that she was not able to join Mr. Sarmiento as a party until Walmart confirmed that he was a manager, in June of 2017. Walmart maintains that the Court should deny joinder because Ms. Rodriguez's sole purpose in seeking to join Mr. Sarmiento is to destroy diversity. After an analysis of the *Hensgens* factors, and in light of the liberal standard to amend pleadings, the Court agrees with Ms. Rodriguez.

---

[27] 28 U.S.C. § 1447(e).

[28] *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008).

[29] *Id.*

[30] *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see also Bayonne Med Realty, LLC v. Citizens Ins. Co. of America*, No. 08-1004, 2008 WL 2945970, at *3 (D.N.J. July 30, 2008).

[31] *See Hensgens,* 833 F.2d at 1182.

5

The first *Hensgens* factor scrutinizes a plaintiff's motive and must focus on the specific facts in this case, particularly the parties' actions between the filing of the complaint and the motion to amend.[32] Ms. Rodriguez filed her complaint on November 1, 2016, and Walmart removed this matter on December 16, 2016.[33]

Ms. Rodriguez has provided a legitimate reason for failing to name Mr. Sarmiento in the initial complaint, namely, that that she was not aware of his identity until February 8, 2017, when she received Walmart's initial disclosures.[34] The disclosures do not identify Mr. Sarmiento as a store manager, however, stating only that "Willy Sarmiento *and/or* the current store manager" as someone likely to have discoverable information.[35] Such a phrase does not imply that Mr. Sarmiento is a store manager.

From February 28, 2016, through June 28, 2017, Ms. Rodriguez submitted multiple, well-documented requests, seeking the identity of the store manager from Walmart.[36] On June 28, 2017, two days prior to the deadline to request leave to amend,[37] Ms. Rodriguez filed her motion to amend the complaint after Walmart confirmed that Mr. Sarmiento was a manager at the time of the incident. Prior to that moment, Ms. Rodriguez did not have sufficient information to determine if Mr. Sarmiento was potentially liable, and in turn, whether he was worth joining as a defendant

---

[32] *Perth Amboy*, 539 F. Supp. 2d at 747.

[33] (D.E. 1-2, Compl.).

[34] (D.E. 31, Pl.'s Reply, at 2–3).

[35] (D.E. 31, Pl.'s Reply, at 3 (emphasis added)).

[36] (D.E. 31, Pl.'s Reply, at 2–3).

[37] (D.E. 8, Scheduling Order, at ¶ 12).

6

in this matter. Stated differently, Ms. Rodriguez could not infer either that Mr. Sarmiento could be responsible for failure to supervise his employees, failure to use reasonable care to inspect and maintain the premises in a safe manner, or failure to avoid or mitigate the severity of Ms. Rodriguez's injuries.

Walmart claims that Ms. Rodriguez attempts to join Mr. Sarmiento solely to destroy diversity and contends that she fails to assert any specific allegations linking Mr. Sarmiento to the incident other than by way of him being a manager at the store at the time of the accident.[38]

Nevertheless, this Court rejected a similar argument, in *Cardillo v. Wal-Mart Stores, Inc.*, which involved the same defendants here.[39] As in the *Cardillo* case, the proposed amended complaint alleged, among other things,[40] that a store manager, "owned, operated, and managed the premises where [Ms. Sarmiento] was injured, and were negligent."[41] This Court has repeatedly held "that claims for negligence against individual store managers . . . are colorable, even where the employer may be held vicariously liable, because both the employer and individual employee may be jointly and severally liable."[42] These allegations "alone are sufficient to establish

---

[38] (D.E. 30, Def.'s Opp'n, at 4).

[39] *Cardillo v. Wal-Mart Stores, Inc.*, No. 14-2879, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014)(involving fraudulent joinder rather than joinder after the filing of the complaint).

[40] (D.E. 13, Proposed Amended Compl., at 4 ("WILLY SALMIENTO owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property and/or was responsible for the care, custody, control, supervision, cleaning, servicing, and maintenance of the subject property as an agent, servant, or employee of Defendants, WALMART.")).

[41] *Cardillo*, 2014 WL 7182525, at *2 (involving fraudulent joinder rather than joinder after the filing of the complaint).

[42] *Holguin v. Kohl's Dep't Store, Inc.*, No. 15-7016, 2016 WL 922130, at *2 (D.N.J. Feb. 19, 2016), *report and recommendation adopted*, No. 15-7016, 2016 WL 901087 (D.N.J. Mar. 8, 2016).

7

colorable, non-frivolous claims against" Mr. Sarmiento.[43] "The ultimate sufficiency of the allegations in the complaint is not the focus of the Court's determination."[44]

The Court will not ascribe an improper purpose to Ms. Rodriguez's motion without more specific evidence.[45] Ms. Rodriguez seeks to assert viable claims against a related party arising out of the same dispute, and generally, "if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction."[46]

This colorable claim, along with the sequence of events, undermines Walmart's argument that Ms. Rodriguez's primary motive in joining Mr. Sarmiento was to defeat jurisdiction. Accordingly, the Court finds that the first *Hensgens* factor, weighs in favor of Ms. Rodriguez.

Turning to the second *Hensgens* factor, whether Ms. Rodriguez was dilatory in seeking to amend the complaint, the sequence of events discussed above shows that Ms. Rodriguez attempted to identify the store manager on numerous occasions, but that Walmart did not respond, until approximately four months, in June of 2017.[47] Additionally, although Walmart removed this case in December of 2016, Ms. Rodriguez contends that no activity occurred in the case until she was able to substitute new counsel in February of 2017.[48] Shortly after discovering and confirming

---

[43] *Cardillo*, 2014 WL 7182525, at *2.

[44] *Id.* (citing *Btoff v. State Farm Ins. Co.*, 977 F.2d 848, at 852 (3d Cir. 1992)).

[45] *Perth Amboy*, 539 F. Supp. 2d at 754.

[46] *Id.*

[47] (D.E. 31, Pl.'s Reply, at 2–3).

[48] *Id.*

that Mr. Sarmiento was the store manager in question, Ms. Rodriguez filed her motion for leave to amend on June 28, 2017.

While it is true that Ms. Rodriguez could have been more proactive in determining the identity of the store manager in this case, *i.e.*, by bringing the dispute to the Court's attention by joint-letter, so too could Walmart have provided the identity of the store manager in question. Accordingly, the Court finds, at the very least, that Ms. Rodriguez was not dilatory, and that the second *Hensgens* factor weighs lightly in favor of joinder.

As to the third factor, whether Ms. Rodriguez will be prejudiced, the Court finds in favor of Ms. Rodriguez. Walmart argues that Ms. Rodriguez will not suffer prejudice, because if Mr. Sarmiento were liable, Walmart would be liable under a theory of *respondeat superior*.[49] Consequently, Ms. Rodriguez would be able to collect any judgment from Walmart, even if Mr. Sarmiento were not a party. Although this argument alleviates some of the potential economic prejudice, Walmart fails to address the potential "*legal* prejudice" to Ms. Rodriguez.[50]

The Court recognizes that although Ms. Rodriguez *could* bring a separate suit against Mr. Sarmiento in state court, she would then "be required to litigate two cases involving essentially the same set of facts, documents, and issues in two different forums."[51] The Court observes that although Mr. Sarmiento and Walmart are jointly and severally liable for any judgment in this matter, "there is a genuine risk of conflicting findings and rulings."[52]

---

[49] (D.E. 30, Def.'s Opp'n, at 6).

[50] *Perth Amboy*, 539 F. Supp. 2d at 749.

[51] *Id.*

[52] *Id.*

Additionally, the Court agrees with Ms. Rodriguez that refusal to add Mr. Sarmiento as a party may prejudice her litigation and trial strategy in ways known and not known at this early stage in discovery. For example, as Ms. Rodriguez contends, she would lose the ability to emphasize claims at trial against one defendant or another, because in her lawyer's view, "a jury may be more inclined to find liability against that defendant or that damages would be greater when focusing on one defendant rather than another."[53] Accordingly, there will be some prejudice to Ms. Rodriguez, if the Court were to deny amendment.

Finally, as to the last *Hensgens* factor, other equitable factors, such as judicial efficiency and economy weigh in favor of joinder and remand. In light of the possibility of Ms. Rodriguez filing a concurrent action in state court, it "would be a waste of judicial resources to allow two separate proceedings."[54] "As the issues in this case involve application of state law, Defendant would not be prejudiced by a remand to a state court."[55] The "most logical, economic and equitable approach" is to determine the respective rights and liabilities of all of the same parties, in one proceeding.[56]

Taken together, the *Hensgens* factors weigh strongly in favor of joinder. Ms. Rodriguez was not dilatory and the Court is satisfied that the primary purpose of the amendment is not to

---

[53] (D.E. 31, Pl.'s Reply, at 11–12).

[54] *Perth Amboy*, 539 F. Supp. 2d at 749 (citing *Kahhan v. Massachusetts Cas. Ins. Co.*, No. 01–1128, 2001 WL 1454063, at *3 (E.D.Pa. November 14, 2001) (finding increased litigation costs prejudicial)).

[55] *Id.* (citing *Kahhan*, No. 01–1128, 2001 WL 1454063, at *9 (finding that where state law issues predominate, federal courts prefer to have state courts interpret their own laws)).

[56] *Id.* at 754 (citing *Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 580 (E.D.Pa. 1991)).

defeat federal jurisdiction. As such, the Court will grant Ms. Rodriquez's motion to join Mr. Sarmiento.

Accordingly, having decided Ms. Rodriguez's motion to amend on other grounds, the Court need not address Walmart's argument that Ms. Rodriguez's spoliation claim is futile because New Jersey does not recognize spoliation as a cause of action.[57] The Court only adds that while New Jersey does not recognize a separate tort for negligent spoliation of evidence, it does recognize claims for fraudulent concealment.[58] Thus, although Ms. Rodriguez is imprecise in her briefing, the Court infers from her proposed amended complaint that she seeks to file a recognized claim for fraudulent concealment, rather than "spoliation of evidence."[59]

## V. CONCLUSION

For the foregoing reasons, Ms. Rodriguez's motion to amend is hereby **GRANTED**. An appropriate Order follows.

---

[57] (D.E. 30, Def.'s Opp'n, at 6–7).

[58] *Tartaglia v. UBS PaineWebber Inc.*, 197 N.J. 81, 123, n. 6 (2008)("spoliation claims, as between parties to a particular litigation, are technically claims for fraudulent concealment").

[59] (D.E. 13, Proposed Amended Compl., at 8 ("Defendant's [sic] actions constitute fraudulent concealment of evidence.")).

11

**ORDER**

**IT IS** on this Wednesday, December 20, 2017,

1. **ORDERED** that Plaintiff Rodriguez' second motion for leave to file an amended complaint with respect to joinder of Mr. Sarmiento is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff Rodriguez shall file the appropriate Amended Complaint within seven (7) days of this Order; and it is further

3. **ORDERED** that defendants shall file an appropriate response to the Amended Complaint within fourteen (14) days of its filing.

*Steve C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/20/2017 9:49:54 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File