BLUME FORTE FRIED ZERRES & MOLINARI
By:  HARRIS S. FELDMAN, ID# 010712003
One Main Street
Chatham, New Jersey 07928
973-635-5400
Attorney for Plaintiff, Maritza Rodriguez

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARITZA RODRIGUEZ<br><br>　　　　Plaintiff(s),<br><br>　　　　　　vs.<br><br>WALMART, WALMART INC., WALMART STORES, INC.,WALMART STORES EAST, INC., WALMART STORES EAST, LP improperly pled as WALMART STORES EAST I, LP, WALMART PROPERTIES, INC., WALMART REALTY CO., WALMART SUPERCENTER OF NORTH BERGEN STORE #3795, WILLY SARMIENTO, JOHN DOE 2-10, JOHN DOE, INC. 1-10, ABC CORPORATION 1-10, JANE DOE 1-10, JANE DOE INC. 1-10, and DEF CORPORATION 1-10.<br><br>　　　　Defendant(s). | Civil Action<br><br>No. 2:16-cv-09338-MCA-SCM<br><br>**FIRST AMENDED COMPLAINT FOR PREMISES LIABILITY WITH JURY DEMAND, DEMAND FOR INTERROGATORIES, DEMAND FOR INSURANCE COVERAGE, DEMAND FOR DOCUMENTS** |

　　　　Plaintiff, **MARITZA RODRIGUEZ** residing at 5701 Kennedy Boulevard East, West New York, New Jersey complains of the Defendant and says:

## JURISDICTION AND VENUE

1. Plaintiff **MARITZA RODRIGUEZ** is a citizen of the State of New Jersey residing at 5701 Kennedy Boulevard East, West New York, New Jersey.

2. Defendants **WALMART, WALMART INC., WALMART STORES, INC. WALMART STORES EAST, INC.,** and **WALMART STORES EAST, LP i/p/a WALMART STORES EAST I, LP** are Delaware business entities conducting business in the State of New Jersey with a place of business located at 2100 88TH Street, North Bergen, New Jersey.

3. Defendants, **WALMART REALTY CO.,** is an Arkansas business entity conducting business in the State of New Jersey with a place of business located at 2100 88TH Street, North Bergen, New Jersey.

4. Defendants **WALMART PROPERTIES, INC.,** and **WALMART SUPERCENTER OF NORTH BERGEN STORE #3795** are business entities conducting business in the State of New Jersey with a place of business located at 2100 88TH Street, North Bergen, New Jersey/

5. Upon information and belief, at all relevant times, Defendant **WILLY SARMIENTO** was an employee/manager of the Defendant **WALMART SUPERCENTER OF NORTH BERGEN STORE #3795** located at 2100 88TH Street, North Bergen, New Jersey, and upon information and belief, resides at 825 Cedar Ave, Apt. 1 in Secaucus, New Jersey.

**FIRST COUNT**

1. On or about December 10, 2014, Plaintiff, Maritza Rodriguez was lawfully on the premises of a Walmart Supercenter, Store #3795, located at 2100 88th Street, North Bergen, New Jersey (hereinafter referred to as "subject property").

2. On or about December 10, 2014, Defendant, **WALMART**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

3. On or about December 10, 2014, Defendant, **WALMART, INC.** owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

4. On or about December 10, 2014, Defendant, **WALMART STORES, INC.**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

5. On or about December 10, 2014, Defendant, **WALMART STORES EAST, INC.**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

6. On or about December 10, 2014, Defendant, **WALMART STORES EAST, LP i/p/a WALMART STORES EAST I, LP**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

7. On or about December 10, 2014, Defendant, **WALMART PROPERTIES, INC.**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

8. On or about December 10, 2014, Defendant, **WALMART REALTY COMPANY**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

9. On or about December 10, 2014, Defendant, **WALMART SUPERCENTER OF NORTH BERGEN**, owned, operated, supervised, controlled, managed, cleaned, serviced and maintained the subject property.

10. On or about December 10, 2014, the Defendants, **WILLY SARMIENTO, JOHN DOE 2-10, JOHN DOE, INC. 1-10** and the **ABC CORPORATION 1-10**, the latter names being fictitious, the true identities being presently unknown, owned, operated, supervised, controlled, managed, cleaned, serviced, and maintained the subject property and/or were responsible for the care, custody, control, supervision, cleaning, servicing, and maintenance of the subject property by contract express or implied.

11. The Defendants jointly and/or severally owned, operated, supervised, controlled, managed, cleaned, serviced, and maintained the subject property in a negligent, careless, reckless and inattentive manner so as to cause, permit, or allow a dangerous and hazardous floor condition to exist at the subject property.

12. As a result of the negligence of the Defendants as aforesaid, the Plaintiff, **MARITZA RODRIGUEZ** sustained serious personal injuries which caused and will cause in the future permanent disability, disfigurement, loss of bodily function, medical and other expenses, loss of income and reduced earning capacity, pain and suffering, interference with Plaintiff's ability to engage in active pursuits, and an impairment of the equality of life.

**WHEREFORE**, Plaintiff, **MARITZA RODRIGUEZ** demands judgement on the First Count against the Defendants jointly and/or severally for damages, interest and cost of suit.

## SECOND COUNT

1. The allegations of the First Count are repeated as if realleged in full.

2. On or about December 10, 2014, Defendant, **JANE DOE 1-10**, Defendant, **JANE DOE INC. 1-10**, and Defendant **ABC CORPORATION 1-10** the latter names being fictitious, the true identities being presently unknown individuals, companies, corporations, and/or their respective servants, agents, employees and/or independent contractors who were responsible for performing the cleaning, servicing, and/or maintaining of the floors for the subject property.

3. The Defendants jointly and/or severally operated, supervised, controlled, managed, cleaned, serviced, and

maintained the subject property in a negligent, careless, reckless and inattentive manner so as to cause, permit, or allow a dangerous and hazardous floor condition to exist at the subject property.

4. As a result of the negligence of the Defendants as aforesaid, the Plaintiff, **MARITZA RODRIGUEZ**, sustained serious personal injuries which caused and will cause in the future permanent disability, disfigurement, loss of bodily function, medical and other expenses, loss of income and reduced earning capacity, pain and suffering, interference with Plaintiff's ability to engage in active pursuits and an impairment of the quality of life.

**WHEREFORE**, Plaintiff, **MARITZA RODRIGUEZ**, demands judgment on the Second Count against the Defendants jointly and/or severally for damages, interest and cost of suit.

### THIRD COUNT

1. The allegations of the First Count are repeated as if realleged in full.

2. At all times relevant hereto, Defendants, **WALMART, WALMART INC., WALMART STORES, INC., WALMART STORES EAST, INC., WALMART STORES EAST, LP improperly pled as WALMART STORES EAST I, LP, WALMART PROPERTIES, INC., WALMART REALTY CO., WALMART SUPERCENTER OF NORTH BERGEN., and/or WILLY SARMIENTO, JOHN DOE**

**2-10, JOHN DOE, INC. 1-10, ABC CORPORATION 1-10, JANE DOE 1-10, JANE DOE INC. 1-10, and DEF CORPORATION 1-10,** and its agents, servants and/or employees, were under a duty to preserve evidence that was material to this matter.

3. On or about December 10, 2014, two video cameras were pointed at the entrance where the plaintiff, **Maritza Rodriguez**, fell in Walmart Store #3795.

4. On or about December 10, 2014, defendant **Willy Sarmiento**, an assistant manager at Walmart Store #3795, recorded the time of the fall as 10:28AM on a

5. Subsequently, on the same day, **Willy Sarmiento,** a person responsible for ensuring that the video of the subject event be maintained, requested that video from 8:18AM to 10:18AM on December 10, 2014, be preserved via a request form.

6. It was the responsibility of **Willy Sarmiento** and others listed below to confirm that relevant video footage was not destroyed and/or lost.

7. The video of the subject event has been destroyed or lost as a result of the defendants' conduct.

8. The aforesaid Defendants intentionally and/or negligently failed to preserve and/or spoliated evidence which was material Plaintiff's case.

9. Defendants, **WALMART, WALMART INC., WALMART STORES, INC., WALMART STORES EAST, INC., WALMART STORES EAST, LP**

**improperly pled as WALMART STORES EAST I, LP, WALMART PROPERTIES, INC., WALMART REALTY CO., WALMART SUPERCENTER OF NORTH BERGEN and/or WILLY SARMIENTO, JOHN DOE 2-10, JOHN DOE, INC. 1-10, ABC CORPORATION 1-10, JANE DOE 1-10, JANE DOE INC. 1-10, and DEF CORPORATION 1-10** knowingly and intentionally failed to maintain and preserve materials and/or records and/or videos in their original state, all to the detriment of Plaintiff's case.

10. As a direct and proximate result of the aforesaid, Defendant's destruction of evidence has resulted in damages to the Plaintiff.

11. Defendant's actions constitute fraudulent concealment of evidence, conspiracy to conceal evidence and/or spoliation in interference with plaintiff's perspective economic advantage.

**WHEREFORE** Plaintiff, MARITZA RODRIGUEZ, demand judgment for compensatory and punitive damages against the Defendants with interest and cost of suit.

## DEMAND FOR INTERROGATORIES

Plaintiff(s) demand that defendant(s) answer Form C and C(2) interrogatories and the supplemental interrogatories attached hereto.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability insurance policies including any excess or umbrella policies with declaration sheets within thirty (30) days of service of this Complaint.

## DEMAND FOR DOCUMENTS

Plaintiff demands that each defendant, within thirty (30) days of service of this Complaint, each produce copies of their complete files regarding the accident.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

HARRIS S. FELDMAN, ESQ. has been designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding

contemplated. All parties known to plaintiff at this time who should have been joined in this action, have been joined.

BLUME FORTE FRIED ZERRES & MOLINARI, P.C.
Attorneys for Plaintiff


/s/Harris S. Feldman_____
HARRIS S. FELDMAN

DATED: 12/22/2017